MARVIN, Judge.
In this suit on a loss under a fire insurance policy, the lower court held that although the fire was the result of arson, the evidence was insufficient to exclude every reasonable hypothesis except that plaintiff, or someone acting for him, was responsible, and rendered judgment for plaintiff. The insurer appeals. We affirm.
The record shows a multitude of suspicious circumstances incriminating plaintiff. Plaintiff was in debt, had unsuccessfully attempted to sell the house, had earlier declared bankruptcy, and had a bad credit rating and a judgment against him for about $1,900. Shortly before the fire, plaintiff purchased in his parents’ name and had delivered to the house, which was furnished but not regularly occupied, several items of new furniture and appliances which plaintiff intended to use to establish another home with his girlfriend. Plaintiff was living with his girlfriend for some time before the fire. After the fire and before trial they married.
Plaintiff had instructed his then girlfriend to purchase the insurance on the house and its contents. Within the week preceding the fire plaintiff removed some of the new furniture and appliances from the house, some of which, such as the washing machine and television, he replaced with older items. After the fire plaintiff told investigators that all of the recently purchased items were in the house and were destroyed by the fire.
Plaintiff’s girlfriend admittedly lied to the arson investigators when she denied that plaintiff’s new washing machine was stored in her utility shed. Under similar *428 questioning by arson investigators, when asked why he lied as to whether the washing machine and dryer were destroyed in the fire, plaintiff stated, “I don’t know.”
Offsetting this evidence was testimony that plaintiff was earning a gainful wage as a full time employee at the paper mill in nearby Springhill and that plaintiff, in the company of his girlfriend and another couple, was in several restaurants and nightclubs in and around Bossier City from the evening before and until the early morning fire occurred about 3:00 a. m.
While apparently inclined to reject the alibi testimony of plaintiff and his girlfriend-wife, the lower court declined to reject what was essentially the same alibi testimony by the other couple, although there was minute variance in the testimony. On this point, the lower court observed: “Rejecting the testimony of plaintiff and his wife . . . as to his activities
. before the fire would still leave the testimony of the two friends . who were with them . . . until around 3:00 a. m. that Saturday morning.”
The lower court had the opportunity to observe the witnesses and either to reject or to accept as true, their individual testimony. While reasonable minds might differ, we cannot say that the lower court committed manifest error or was clearly wrong in its findings and conclusions. Arceneaux v. Domingue, et al., 365 So.2d 1330 (La.1978). Wallace v. State Farm Fire & Cas. Ins. Co., 345 So.2d 1004 (La.App.2d Cir. 1977).
We adopt an excellently detailed and authoritatively supported opinion of the lower court, which we summarize here, and at defendant’s cost, affirm.